FILED
CLERK, U.S. DISTRICT COURT

5/8/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DD _____ DEPUTY

xavier nailing in Pro Per as a natural person
mailing address
5922 Willoughby # 1
L.A. C.A. 90038

Related DDJ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

xavier nailing
            Plaintiff,

case: 2:20-cv-04227-AB(JC)

CIVIL RIGHTS COMLAINT
PURSUANT TO 42 U.S.C. 1983
DEMAND FOR JURY TRIAL

                    Vs.

K. BIGONI, PAT MOUA
            Defendants,

1.  JURISDITION:

1.  This court has jurisdiction over this complaint because it arises under the laws of the United States, plaintiff is currently on State Parole in the county of Los Angeles. This court Has jurisdiction pursuant to 28 U.S.C. 1368 and U.S.C 1331.

2.                    2. VENUE:
    This is the appropriate venue because all of the acts and omissions given rise to this Complaint occurred in the central district

3.                    3. PARTIES:
    Plaintiff xavier nailing is at all times relevant in this action a California State Parolee And moves as a Natural person and assert his Constitutional Rights under State and Federal law.

RECEIVED
CLERK, U.S. DISTRICT COURT

5/8/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DD _____ DEPUTY

Defendants K. BIGONI , PAT MOUA Are at all times relevant in this action acted under the color of State Law as they are all state employees of Avenal State Prison. All Defendants are named in their individual and Official capacity.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff filed a CDCR 602 and received a third level review and filed a Writ of Habeas Corpus Exhibit #1

FACTUAL ALLEGATIONS:

1. On 11/17/ 2016 Plaintiff was convicted of 211 in the second degree. Plaintiffs sentence was then suspended as a result of a plea agreement, plaintiff was awarded custody credit for 261 days in custody.

2. On 05/08/2017 plaintiff was arrested on a probation violation plaintiff spent 24 days in custody in the month of May 2017, plaintiff spent 30 days in custody in the month of June 2017 28 and 10 days in custody in the month of July,2017 a total of 64 additional days in custody including the 35 days that was taken away in custody that plaintiff was Not given custody credit for.

3. On 07/10/2017 Plaintiffs probation was revoked and terminated. Plaintiff was sentenced to two years in state prison.

4. Plaintiff was GIVEN 226 days of custody credit at that time, 35 days less then what he was awarded as a result of a plea agreement.

5. When at that time it should have been 325 days of total custody credit.
Plaintiff then filed a writ of habeas exhibit 2. Once plaintiff brought this matter to Defendant K. BIGONI attention via grievance the prison's (CCRA) he or she refused to award plaintiff an additional 64 days custody credit and the 35 days that was removed thereby causing plaintiff to be imprisoned longer then his sentence (Seconds Only to life) thereby violation of Plaintiffs 14 Amendment Rights of the California & The United States Constitution False imprisonment.

6. Credit can Not be taken away once awarded as a Result of a Plea agreement. 11(c) (1) (C) of The Federal rules of Civil Proc.

7. Plaintiffs original release date was 08/19/2018 which was incorrect due to him not receiving all of his presentencing credit as a result of the plea agreement.

8. On 09/22/2017 plaintiff was in prison and received a (Milestone Completion Credit MCC). 28 days the course was #M010B07. And plaintiffs release date was changed from 08/19/2018 to 07/22/2018. Exhibit #3. On 01/29/2018.

9. Defendant PAT MOUA is the Avenal State prison test coordinator that rescinded 28 days that plaintiff received as a result of the provisions of overcrowded prison in the State of California Milestone completion credit (Without Notice) thereby violating plaintiff 'procedural due process Right of the Fourteenth Amendment of the California & United State Constitution.

10. There is a Liberty interest when a prison officials action's violate a protected Right specifically when dealing with Credit earnings Exhibit #4 Plaintiff was falsely imprisoned for 127 days longer then his sentence due to the defendants actions.

11. On 06/15/2018 Defendant PAT MOUA then stated on a CDCR 22 form the he requested plaintiffs transcripts he then stated that per SOMS Janice Actis stated that plaintiff stated he was a High School Graduate yet plaintiffs Current CC1 Burns Confirmed plaintiff did not Graduate Exhibit #5.

12. Plaintiff then discovered that it takes four to six month to receive school transcripts from a school district thereby making it too late to receive any applied credit. Plaintiff was tested on 09/01/2017 at the Reception Center by Nonparty deponent and witness E. Stansel the Wasco State prison's RC Exhibit #6.

13. Prison Official and CDCR Scheme was to comply with the current Law by applying mandatory Milestone Credits (CCR), Title 15, section 3043.3. once the credit was applied prison officials would then show that they were releasing inmates due to overcrowding then once inmates where moved out of there perspective Reception Centers the new prison would then rescind the Milestone Credit by simply stating their CC1 stated that YOU stated you are a High School graduate keeping inmates in prison and not being in compliance with the law, with out any Notice at all, then once a inmate discovered Milestone Credit was removed from his EPRD the prison officials would state we will request your high school transcript. Then once School transcript where received by the prison officials and when those transcript showed that the inmate did not in fact Graduate from high school the prison official would then say the credit cannot be reapplied because you are 90 day to release. This is clearly a Collective Scheme to defraud The federal State Government in California State.

14. Plaintiff should have been release on JULY 15, 2018 due to the defendant actions plaintiff was released on 08/03/2018 127 days beyond his sentence. Plaintiff was then placed in school in Avenal State Prison.

## LEGAL CLAIMS:

15. Plaintiffs reallege and incorporates by reference paragraph #5 line 21 and 22. Defendant K. BIGONI did cause plaintiff to be deprived of his 14th Amendment right and Falsely Imprisoned plaintiff xavier nailing for 99 days beyond his sentence.

16. Plaintiff reallege and incorporates by reference paragraph #9 line 2 and 3. Defendant PAT MUOA did cause plaintiff to be deprived of his 14th Amendment right Procedural Due Process.

17. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants relief witch plaintiff seeks.


PRAYER FOR RELIEF:


18. A declaration that the acts and omissions described herein violated the plaintiffs rights under the California Constitution and laws of the United States Constitution.
19. Compensatory damages in the amount of $127,000.00 for all of the 127 days the that plaintiff was falsely imprisoned.
20. A jury trial on all issues triable by a jury
21. Send this case to ADR
22. Any additional relief this court deem just.

xavier nailing   in Pro Per as a natural person
                 Plaintiff,

05-04-2020

# EXHIBIT

# 1

**DEPARTMENT OF CORRECTIONS AND REHABILITATION**
**Office of Appeals**
P.O. Box 942883
Sacramento, CA 94283-0001



January 24, 2019

NAILING, XAVIER, BD7608
Avenal State Prison
P. O. Box 8
Avenal, CA 93204800

Dear Mr./Ms. NAILING, XAVIER,

The California Department of Corrections and Rehabilitation (CDCR) Office of Appeals (OOA) received your CDCR Inmate 602 Appeal log number 1814130 for the purposes of providing a Third Level Response.

Unfortunately, due to time constraints, OOA will not be issuing a Third Level Response to your inmate appeal. The Second Level Response to your appeal, previously issued is adopted as the Third Level Response and serves as the Department's decision in full.

The Second Level Response will constitute exhaustion of the administrative remedy provided by the CDCR Inmate 602 Appeal process as described in California Code of Regulations Title 15 section 3084.1(b) for the specific issues described in CDCR Inmate 602 Appeal log number ASP-18-00763.

This action by OOA does not excuse you from exhausting any other administrative remedies that may be required or available to you in relation to your particular claim, including, but not limited to, the Department of General Services Government Claims Program, the Department of Fair Employment and Housing, and the Equal Employment Opportunity Commission.

Sincerely,

Office of Appeals
California Department of Corrections & Rehabilitation

cc:     Litigation Coordinator

Court of Appeal, Second Appellate District
Joseph A. Lane, Clerk
Electronically FILED on 8/9/2018 by I. Denyse Alexander, Deputy Clerk

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

In re XAVIER DMETRI NAILING,

on Habeas Corpus.

B291657

(Los Angeles County
Super. Ct. No. BA441591,
BH011621)
(William C. Ryan, Judge)

ORDER

THE COURT:*

The petition for writ of habeas corpus filed August 1, 2018, has been read and considered and is denied as moot on the ground petitioner is no longer incarcerated or restrained. (Pen. Code, § 1473, subd. (a).)

_____        _____        _____
*EPSTEIN, P. J.                     MANELLA, J.                     COLLINS, J.

Court of Appeal Second Appellate District

Daniel P. Potter, Clerk

Electronically FILED on 10/18/2018 by L. Denyse Alexander, Deputy Clerk

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| In re XAVIER DMETRI NAILING,<br><br>on Habeas Corpus. | B293223<br><br>(Los Angeles County<br>Super. Ct. No. BA441591)<br><br>ORDER |

THE COURT:*

The petition for writ of habeas corpus filed October 15, 2018, has been read and considered and is denied as moot on the ground petitioner is no longer incarcerated or restrained. (Pen. Code, § 1473, subd. (a); see Pen. Code, § 4900 et seq.)


\*MANELLA, P. J.          WILLHITE, J.          MICON, J.**


** Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.

# EXHIBIT

## # 2

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 07/19/18

-----------------------------------------------------------------------

CASE NO. BA441591

THE PEOPLE OF THE STATE OF CALIFORNIA
                    VS.
DEFENDANT 01:  XAVIER DMITRI NAILING

-----------------------------------------------------------------------


INFORMATION FILED ON 12/21/15.

COUNT 01: 211 PC FEL


ON 07/18/18 AT  200 PM  IN CENTRAL DISTRICT DEPT 56W

CASE CALLED FOR JUDICIAL ACTION

THIS IS A SECOND STRIKE CASE.

PARTIES: WILLIAM C. RYAN (JUDGE)  SHERYL HUMBER  (CLERK)
         NONE        (REP)  NONE  (DDA)

DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL

***AMENDED ORDER RE: MOTION FOR RELEASE OF PETITIONER BY
JULY 30, 2018***

IN CHAMBERS

"NOTICE MOTION FOR COURT PROCEEDING NOT TO GO BEYOND JULY 27TH
2018 AND COURT ORDER RELEASE OF PETITIONER BY JULY 30TH 2018,"
BY PETITIONER XAVIER DMITRI NAILING, PRO SE.  RESPONDENT, THE
PEOPLE OF THE STATE OF CALIFORNIA ("PEOPLE"), REPRESENTED BY
DEPUTY DISTRICT ATTORNEY EVELIS DE GARMO.  GRANTED.

BACKGROUND

ON NOVEMBER 17, 2016, PETITIONER PLEADED GUILTY TO SECOND DEGREE
ROBBERY (PEN. CODE, § 211).  THE IMPOSITION OF HIS SENTENCE WAS
SUSPENDED, AND HE WAS PLACED ON FORMAL PROBATION FOR FIVE YEARS.
ONE OF THE CONDITIONS OF PROBATION WAS THAT HE SERVE 261 DAYS IN
COUNTY JAIL.  PETITIONER WAS AWARDED CREDIT FOR 261 DAYS IN
CUSTODY CONSISTING OF 131 DAYS ACTUAL CUSTODY AND 130 DAYS GOOD
TIME/WORK TIME.


                          JUDICIAL ACTION
          PAGE NO.   1    HEARING DATE: 07/18/18

CASE NO. BA441591
DEF NO.  01

DATE PRINTED 07/19/18

ON JULY 10, 2017, PETITIONER ADMITTED TO A VIOLATION OF PROBATION.  PROBATION WAS REVOKED AND TERMINATED, AND PETITIONER WAS SENTENCED TO TWO YEARS IN STATE PRISON.  PETITIONER WAS GIVEN 226 DAYS OF CUSTODY CREDIT, CONSISTING OF 197 ACTUAL DAYS AND 29 CONDUCT DAYS.

ON FEBRUARY 22, 2018, PETITIONER FILED A PETITION FOR WRIT OF HABEAS CORPUS WITH THIS COURT, CONTENDING THAT HE IS ENTITLED TO ADDITIONAL PRESENTENCE CREDITS BASED ON THE FACT THAT HE WAS AWARDED 261 DAYS OF CREDIT IN 2016 WHEN HE WAS PLACED ON PROBATION, BUT WAS AWARDED ONLY 226 DAYS OF CREDIT WHEN HE RECEIVED HIS PRISON SENTENCE.  ON APRIL 4, 2018, THIS COURT

REQUESTED AN INFORMAL RESPONSE FROM RESPONDENT ADDRESSING THE ISSUE OF WHETHER PETITIONER IS ENTITLED TO ADDITIONAL PRESENTENCE CREDITS TOWARDS HIS PRISON SENTENCE.  ON APRIL 13, 2018, RESPONDENT REQUESTED AN EXTENSION OF TIME TO FILE THE INFORMAL RESPONSE.  ON APRIL 16, 2018, THIS COURT GRANTED THE EXTENSION OF TIME TO FILE THE INFORMAL RESPONSE UP TO AND INCLUDING JUNE 15, 2018.

ON APRIL 23, 2018, PETITIONER FILED A "NOTICE MOTION IN AMICUS CURIAE" EXPLAINING THAT HE RECEIVED A COPY OF A SUBPOENA DUCES TECUM, AND REQUESTING AN AMENDED ABSTRACT OF JUDGMENT.  ON APRIL 24, 2018, PETITIONER FILED AN OBJECTION TO RESPONDENT'S REQUEST FOR AN EXTENSION OF TIME TO FILE THE INFORMAL RESPONSE.  THE COURT DENIED PETITIONER'S OBJECTION AND MOTION IN A SINGLE ORDER ON MAY 1, 2018.

ON APRIL 30, 2018, PETITIONER FILED A SECOND OBJECTION TO RESPONDENT'S REQUEST FOR AN EXTENSION OF TIME. THE COURT DENIED PETITIONER'S SECOND OBJECTION ON MAY 3, 2018.  ON MAY 10, 2018, RESPONDENT FILED AN INFORMAL RESPONSE.  ON MAY 15, 2018, PETITIONER FILED A REQUEST TO SHORTEN TIME TO FILE INFORMAL

RESPONSE WITH THIS COURT, REQUESTING THAT THE COURT ORDER RESPONDENT TO FILE THE INFORMAL RESPONSE BY MAY 25, 2018.  THE COURT DISMISSED PETITIONER'S REQUEST AS MOOT ON MAY 17, 2018. ON MAY 22, 2018, PETITIONER FILED A REPLY TO THE INFORMAL RESPONSE.

RESPONDENT CONCEDES IN THE INFORMAL RESPONSE THAT PETITIONER IS ENTITLED TO ADDITIONAL PRESENTENCE CREDITS.  RESPONDENT ADMITS PETITIONER IS ENTITLED TO 246 DAYS OF PRESENTENCE CREDITS, AS OPPOSED TO THE 226 DAYS HE WAS AWARDED AT SENTENCING. PETITIONER ALLEGES IN THE INFORMAL REPLY THAT HE IS ENTITLED TO 339 DAYS OF PRESENTENCE CREDITS.

ON JUNE 1, 2018, PETITIONER FILED A "MOTION REQUESTING CDCR FILE A HIGH SCHOOL EQUIVALENCY/HIGH SCHOOL DIPLOMA INQUIRY WITH

PAGE NO.    2

JUDICIAL ACTION
HEARING DATE: 07/18/18

CASE NO. BA441591
DEF NO.  01                                    DATE PRINTED 07/19/18

FAIRFAX HIGH SCHOOL AND RESTORE THE 28 DAYS THAT WAS RESCINDED,
IF IT IS DETERMINED THAT THE PETITIONER DOES NOT HAVE A HIGH
SCHOOL DIPLOMA OR EQUIVALENCY." (SIC.)  THE COURT DENIED THE
MOTION ON JUNE 8, 2018.
.
ALSO ON JUNE 8, 2018, THE COURT ISSUED AN ORDER TO SHOW CAUSE
REGARDING PETITIONER'S INITIAL PETITION FOR WRIT OF HABEAS
CORPUS, AS A DISCREPANCY EXISTED BETWEEN THE NUMBER OF CREDITS
PETITIONER ALLEGED HE WAS ENTITLED TO AND THE NUMBER OF CREDITS
RESPONDENT CONCEDED HE WAS ENTITLED TO.  THE COURT APPOINTED
KATERA E. RUTLEDGE, ESQ., AS COUNSEL FOR PETITIONER.
.
ON JULY 2, 2018, PETITIONER FILED A MOTION REQUESTING THAT THE

COURT DECLINE TO ENTERTAIN ANY REQUESTS FOR EXTENSIONS OF TIME
FOR THE FILING OF THE RETURN OR TRAVERSE IN THIS CASE.
PETITIONER ALSO ATTACHED A "NOTICE OF REJECTION OF COURT
APPOINTED COUNSEL."  ON JULY 3, 2018, PETITIONER FILED A
TRAVERSE WITH THIS COURT.
.
ON JULY 12, 2018, THE COURT DENIED THE MOTION WITH INSTRUCTIONS
FOR PETITIONER TO FILL OUT AND RETURN A FARETTA WAIVER FORM TO
THE COURT IF HE WISHES TO REPRESENT HIMSELF.  THE COURT
CANCELLED THE FILING OF PETITIONER'S TRAVERSE, AND RETURNED IT
TO HIM WITHOUT PREJUDICE TO THE FILING OF A TRAVERSE AFTER A
RETURN HAS BEEN FILED BY THE RESPONDENT.
.
ALSO ON JULY 12, 2018, THIS COURT GRANTED AN EXTENSION OF TIME
UNTIL AUGUST 15, 2018, FOR THE FILING OF THE RETURN. THE COURT
STATED THAT NO FURTHER EXTENSIONS WOULD BE GRANTED. PETITIONER
FILED THE INSTATE MOTION OF THE SAME DAY. PETITIONER REQUESTS
(ENTRY CONTINUED AT 2:30 P.M.)

NEXT SCHEDULED EVENT:
07/18/18   230 PM  JUDICIAL ACTION   DIST CENTRAL DISTRICT DEPT 56W


07/19/18


I HEREBY CERTIFY THIS TO BE A TRUE AND CORRECT COPY OF THE ELECTRONIC MINUTE
ORDER  ON FILE IN THIS OFFICE AS OF THE ABOVE DATE.

SHERRI R. CARTER ,EXECUTIVE OFFICER/CLERK OF SUPERIOR COURT, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA

BY _____, DEPUTY

                                        JUDICIAL ACTION
             PAGE NO.    3           HEARING DATE: 07/18/18

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| | | | | | |
|---|---|---|---|---|---|
| Date: | May 17, 2018 | | | | |
| Honorable: | WILLIAM C. RYAN | Judge | S. KADOHATA | | Deputy Clerk |
| | NONE | Bailiff | NONE | | Reporter |

(Parties and Counsel checked if present)

BH011621
(L.A.S.C. Case No. BA441591)

In re,
XAVIER DMITRI NAILING,                    Counsel for Petitioner:

      Petitioner,

On Habeas Corpus                          Counsel for Respondent:

Nature of Proceedings:

## ORDER RE: REQUEST TO SHORTEN TIME TO FILE INFORMAL RESPONSE

### IN CHAMBERS

Request to shorten time to file informal response by Petitioner Xavier Dmitri Nailing, *pro se*. Respondent, the People of the State of California ("People"), represented by Deputy District Attorney Evelis De Garmo. Dismissed.

### BACKGROUND

On November 17, 2016, Petitioner pleaded guilty to second degree robbery (Pen. Code, § 211). The imposition of his sentence was suspended, and he was placed on formal probation for five years. One of the conditions of probation was that he serve 261 days in county jail. Petitioner was awarded credit for 261 days in custody consisting of 131 days actual custody and 130 days good time/work time.

On July 10, 2017, Petitioner admitted to a violation of probation. Probation was revoked and terminated, and Petitioner was sentenced to two years in state prison. Petitioner was given 226 days of custody credit, consisting of 197 actual days and 29 conduct days. It is unclear from the record why Petitioner was awarded fewer conduct credits at the time he was sentenced to state prison than at the time he was placed on probation.

On February 22, 2018, Petitioner filed a petition for writ of habeas corpus with this court, contending that he is entitled to additional presentence credits based on the fact that he was awarded 261 days of credit in 2016 when he was placed on probation, but was awarded only 226 days of credit when he received his prison sentence. On April 4, 2018, this court requested an informal response from Respondent addressing the issue of whether Petitioner is entitled to additional presentence credits towards his prison sentence. On April 13, 2018, Respondent requested an extension of time to file the informal response, citing the need to examine various

1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| | | | | |
|---|---|---|---|---|
| Date: | May 17, 2018 | | | |
| Honorable: | WILLIAM C. RYAN | Judge | S. KADOHATA | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH011621
(L.A.S.C. Case No. BA441591)

In re,
XAVIER DMITRI NAILING,                    Counsel for Petitioner:

Petitioner,

On Habeas Corpus                          Counsel for Respondent:

---

transcripts and records, including some in the possession of the Court of Appeal and the Office of the Attorney General. On April 16, 2018, this court granted the extension of time to file the informal response up to and including June 15, 2018.

On April 23, 2018, Petitioner filed a "notice motion in amicus curiae" explaining that he received a copy of a subpoena duces tecum, and requesting an amended abstract of judgment reflecting a total of 332 days of presentence credits and 17 days of postsentence credits. On April 24, 2018, Petitioner filed an objection to Respondent's request for an extension of time to file the informal response, alleging that he will be falsely imprisoned if he remains in custody beyond April 20, 2018. The court denied Petitioner's objection and motion in a single order on May 1, 2018, citing Respondent's need to retrieve documents not currently in their possession in order to comply with the court's request for an informal response.

On April 30, 2018, Petitioner filed a second objection to Respondent's request for an extension of time. The court denied Petitioner's second objection on May 3, 2018. On May 10, 2018, Respondent filed an informal response. On May 15, 2018, Petitioner filed the instant request to shorten time to file informal response with this court, requesting that the court order Respondent to file the informal response by May 25, 2018.

It is well settled that courts are tasked with deciding cases which will result in a beneficial judgment to one of the parties. (*Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1178.) A case becomes moot when a court ruling will have no practical impact or cannot provide the parties with effective relief. (*Simi Corp. v. Garamendi* (2003) 109 Cal.App.4th 1496, 1503.) Respondent has already filed the informal response in this case, therefore Petitioner has received the relief sought, rendering his request moot.

Accordingly, the request to shorten time to file the informal response is DISMISSED. Petitioner's reply to the informal response remains due by May 25, 2018.

The Clerk is ordered to serve a copy of this order upon Petitioner, and upon Deputy District Attorney Evelis De Garmo, as counsel for Respondent, the People of the State of California.

2

| Minutes Entered |
|---|
| 05-17-18 |
| County Clerk |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: | May 17, 2018 | | | |
|---|---|---|---|---|
| Honorable: | WILLIAM C. RYAN | Judge | S. KADOHATA | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH011621
(L.A.S.C. Case No. BA441591)

In re,
XAVIER DMITRI NAILING,                    Counsel for Petitioner:

    Petitioner,

On Habeas Corpus                    Counsel for Respondent:

The court order is signed and filed this date.

A true copy of this minute order is sent via U.S. Mail to the following:

*Petitioner*
Xavier Dmitri Nailing, #BD7608
Facility D
P.O. Box 904
Avenal, CA 93204

*Respondent's Counsel*
Office of the District Attorney
Post-Conviction Litigation & Discovery Division
Habeas Corpus Litigation Team
320 W. Temple St., Rm. 540
Los Angeles, CA 90012
Attn: Evelis De Garmo, Deputy District Attorney

3

Minutes Entered
05-17-18
County Clerk

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Clara Shortridge Foltz Criminal Justice Center<br>210 West Temple Street<br>Los Angeles, CA  90012 | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES |
| | MAY 18 2018 |
| XAVIER DMITRI NAILING, | Sherri R. Carter, Executive Officer/Clerk<br>BY___G. ALONZO___, Deputy<br><br>Gabriela Alonzo |
| **CLERK'S CERTIFICATE OF MAILING**<br>CCP, § 1013(a)<br>Cal. Rules of Court, rule 2(a)(1) | CASE NUMBER:<br>BH011621<br>(L.A.S.C. Case No. BA441591) |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served:

☐ Order Extending Time to Rule (Habeas Corpus)  ☐ Motion to Compel Appointed Counsel to Act
☐ Assignment Order  ☐ Memorandum of Decision (Habeas Corpus)
☐ Order of Dismissal  ☒ Order Re: Request to Shorten Time to File Informal Response
☐ Transfer Order  ☐ Transfer Order

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to the cause.  I served this document by placing true copies in envelopes addressed as shown below and then by sealing and placing them for collection; stamping or metering with first-class, prepaid postage; and mailing on the date stated below, in the United States mail at Los Angeles County, California, following standard court practices.

*Petitioner*
Xavier Dmitri Nailing, #BD7608
Facility D
P.O. Box 904
Avenal, CA 93204

*Respondent's Counsel*
Office of the District Attorney
Post-Conviction Litigation & Discovery Division
Habeas Corpus Litigation Team
320 W. Temple St., Rm. 540
Los Angeles, CA 90012
Attn: Evelis De Garmo, Deputy District Attorney

May 18, 2018
DATED AND DEPOSITED

SHERRI R. CARTER, Executive Officer/Clerk

By: ___G. ALONZO___, Clerk
       Gabriela Alonzo

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: | May 01, 2018 | | | |
|---|---|---|---|---|
| Honorable: | WILLIAM C. RYAN | Judge | S. KADOHATA | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH011621
(L.A.S.C. Case No. BA441591)

In re,
XAVIER DMITRI NAILING,                    Counsel for Petitioner:

            Petitioner,

On Habeas Corpus                          Counsel for Respondent:

---

Nature of Proceedings: ORDER RE: OBJECTION TO REQUEST FOR EXTENSION OF TIME

### IN CHAMBERS

Objection to Respondent's request for extension of time by Petitioner Xavier Dmitri Nailing, *pro se*. Respondent, the People of the State of California ("People"), represented by Deputy District Attorney Evelis De Garmo. Denied.

### BACKGROUND

On November 17, 2016, Petitioner pleaded guilty to second degree robbery (Pen. Code, § 211). The imposition of his sentence was suspended, and he was placed on formal probation for five years. One of the conditions of probation was that he serve 261 days in county jail. Petitioner was awarded credit for 261 days in custody consisting of 131 days actual custody and 130 days good time/work time.

On July 10, 2017, Petitioner admitted to a violation of probation. Probation was revoked and terminated, and Petitioner was sentenced to two years in state prison. Petitioner was given 226 days of custody credit, consisting of 197 actual days and 29 conduct days. It is unclear from the record why Petitioner was awarded fewer conduct credits at the time he was sentenced to state prison than at the time he was placed on probation.

On February 22, 2018, Petitioner filed a petition for writ of habeas corpus with this court, contending that he is entitled to additional presentence credits based on the fact that he was awarded 261 days of credit in 2016 when he was placed on probation, but was awarded only 226 days of credit when he received his prison sentence. On April 4, 2018, this court requested an informal response from Respondent addressing the issue of whether Petitioner is entitled to additional presentence credits towards his prison sentence. On April 13, 2018, Respondent requested an extension of time to file the informal response, citing the need to examine various transcripts and records, including some in the possession of the Court of Appeal and the Office of the Attorney General. On April 16, 2018, this court granted the extension of time to file the informal response up to and including June 15, 2018.

1

Minutes Entered
05-01-18
County Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: | May 01, 2018 | | | |
|---|---|---|---|---|
| Honorable: | WILLIAM C. RYAN | Judge | S. KADOHATA | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH011621
(L.A.S.C. Case No. BA441591)

In re,
XAVIER DMITRI NAILING,                      Counsel for Petitioner:

         Petitioner,

On Habeas Corpus                            Counsel for Respondent:

---

On April 23, 2018, Petitioner filed a "notice motion in amicus curiae" explaining that he received a copy of a subpoena duces tecum, and requesting an amended abstract of judgment reflecting a total of 332 days of presentence credits and 17 days of postsentence credits. On April 24, 2018, Petitioner filed an objection to Respondent's request for an extension of time to file the informal response, alleging that he will be falsely imprisoned if he remains in custody beyond April 20, 2018. The court considers both the objection and the motion in this order, as they both concern Petitioner's pending petition for writ of habeas corpus.

## DISCUSSION

### Motion in Amicus Curiae

Petitioner states in his "motion in amicus curiae," that he is in receipt of a subpoena duces tecum for Robin Boccella and for records in possession of the California Department of Corrections and Rehabilitation ("CDCR"), for May 2, 2018, in Dept. 100. Petitioner alleges that the subpoena states that the documents are "needed to determine if the defendant poses an unreasonable risk to public safety pursuant to a resentencing provided by Penal Code sect. 1170.126." Petitioner alleges that the subpoena duces tecum is signed by Deputy District Attorney Brock Lunsford and that the requested items are needed for resentencing under Penal Code section 1170.126 ("Proposition 36").

Petitioner has not petitioned for resentencing pursuant to Proposition 36. Petitioner asserts, correctly, that he is not serving an indeterminate life term and therefore is not eligible for resentencing pursuant to Proposition 36. Petitioner states: "It is unclear of the true intention of Brock Lunsford and Evelis De Garmo." (*Sic.*) Although the court recently received documents from the CDCR in response to a subpoena duces tecum issued by Deputy District Attorney Brock Lunsford on behalf of Deputy District Attorney Evelis De Garmo, no mention is made of Proposition 36. Petitioner has not included a copy of the subpoena he allegedly received.

Petitioner's request for an amended abstract of judgment to correct presentence credits is successive, as his pending habeas petition concerns the calculation of his presentence credits. (*In re Clark* (1993) 5 Cal.4th 750, 770, superseded by Proposition 66 on other grounds as stated in *Briggs v. Brown* (2017) 3 Cal.5th 808,

2

| Minutes Entered |
|---|
| 05-01-18 |
| County Clerk |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: | May 01, 2018 | | | |
|---|---|---|---|---|
| Honorable: | WILLIAM C. RYAN | Judge | S. KADOHATA | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH011621
(L.A.S.C. Case No. BA441591)

In re,
XAVIER DMITRI NAILING,                    Counsel for Petitioner:

Petitioner,

On Habeas Corpus                    Counsel for Respondent:

---

quoting *In re Horowitz* (1949) 33 Cal.2d 534, 546–547 ["petitioner cannot be allowed to present his reasons against the validity of the judgment against him piecemeal by successive proceedings for the same general purpose"].) Successive petitions waste scarce judicial resources, requiring the court to repeatedly review the record in order to assess the merits of the petitioner's claims. (*Ibid.*) Petitioner fails to justify the reason for his successive petition. (*In re Reno* (2012) 55 Cal.4th 428, 455; *In re Clark, supra,* at p. 798, fn. 35.)

Objection to Extension of Time

Petitioner objects to Respondent's request for an extension of time to file the informal response. He asserts that he will be over-detained and subjected to false imprisonment if the extension is granted. Petitioner contends that as of April 20, 2018, he is being over-detained.

Petitioner contends that he is entitled to 332 days of presentence credits. Petitioner was sentenced to two years in state prison on July 10, 2017. Even if Petitioner had been awarded 332 days of presentence credits, it is not clear that he would be over-detained as of June 15, 2018 (the day the informal response is currently due), much less as of April 20, 2018.

The court has requested an informal response on the issue of Petitioner's presentence credits. Respondent has a right to respond to the court's request. In order to respond to the court's request, Respondent requires documents not currently in their possession. An extension of time is required in this case in order to allow Respondent the time necessary to gather the documents needed to comply with the court's request for an informal response.

The informal response is currently due on June 15, 2018. The court understands Petitioner's desire to resolve this matter as quickly as possible, and will entertain no further requests for extension of time to file the informal response.

3

| Minutes Entered |
|---|
| 05-01-18 |
| County Clerk |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: | May 01, 2018 | | | |
|---|---|---|---|---|
| Honorable: | WILLIAM C. RYAN | Judge | S. KADOHATA | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH011621
(L.A.S.C. Case No. BA441591)

In re,
XAVIER DMITRI NAILING,                    Counsel for Petitioner:

          Petitioner,

On Habeas Corpus                    Counsel for Respondent:

## DISPOSITION

For all of the foregoing reasons, the objection to the request for extension of time and the "motion in amicus curiae" are DENIED.

The Clerk is ordered to serve a copy of this order upon Petitioner, and upon Deputy District Attorney Evelis De Garmo, as counsel for Respondent, the People of the State of California.

The court order is signed and filed this date.

A true copy of this minute order is sent via U.S. Mail to the following parties:

*Petitioner*
Xavier Dmitri Nailing, #BD7608
Facility D
P.O. Box 904
Avenal, CA 93204

*Respondent's Counsel*
Office of the District Attorney
Post-Conviction Litigation & Discovery Division
Habeas Corpus Litigation Team
320 W. Temple St., Rm. 540
Los Angeles, CA 90012
Attn: Evelis De Garmo, Deputy District Attorney

4

| Minutes Entered |
|---|
| 05-01-18 |
| County Clerk |

# EXHIBIT

# 3



*Exhibit ＃*



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# MILESTONE COMPLETION

CDC NUMBER: BD7608

NAME: NAILING, XAVIER D.

HOUSING: H 004 1 - 000143U

ASSIGNMENT TITLE:  Voluntary ABE II

FACILITY:  WSP-Facility H

This inmate has actively been participating in the above-named assignment. As a result, the above-named inmate has successfully completed the below-listed MILESTONE. Pursuant to Title 15, Section 3043.3, if eligible, this inmate shall be awarded the number of Milestone Completion WEEKS of credit listed below.

MILESTONE:  M010B07-Math-CASAS Benchmark 7

COMPLETED:  09/22/2017

CLASS VALUE:  04

REASON:  School

(A maximum of 12 weeks credit may be applied in a 12-month period.)

**No credits will be awarded which advance the release date to a date less than 60 calendar days from the date of approval.**

G. Kraucyk

Dated:  09/25/2017

D. Fernandez

Date Approved:  09/25/2017

☐ MCC Rejected          Reason Rejected:

CDCR SOMS IJPT170 - MILESTONE COMPLETION

CDCR SOMS IJPT170 - CDC NUMBER: BD7608 NAME: NAILING, XAVIER D          Page 1 of 1

 CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation



09/25/2017

# RELEASE DATE CHANGE NOTICE

| INMATE NAME: NAILING, XAVIER DIMITRI | CDC #: BD7608 |
|---|---|
| FACILITY: WSP-Facility H | HOUSING: H 004 1 - 000143U |
| ASSIGNED CASE RECORDS ANALYST:<br>D. Harrison<br>ASSIGNED CORRECTIONAL COUNSELOR:<br>J. Actis | REASON FOR RELEASE DATE CHANGE:<br>CDCR Credits Received/Lost changed |

| CONTROLLING RELEASE DATE | | TYPE OF DATE |
|---|---|---|
| BEFORE: | 08/19/2018 | EPRD |
| AFTER: | 07/22/2018 | EPRD |

| | CDCR CREDITS RECEIVED/LOST | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ENTRY DATE | EFFECTIVE DATE | TYPE | WORK GROUP | DURATION (DAYS) | RECD/LOST DAYS | REASON | STATUS | QUALIFIER |
| 09/25/2017 | 09/22/2017 | Milestone Completion Credit (MCC) | | | 28 | School | Applied | Course # M010B07 |
| 08/03/2017 | 08/03/2017 | Work Group Change (done by Cls.) | U-Unclassified | 53 | | Classification Action | Applied | |

# EXHIBIT

# 4

INMATE COPY

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Rescinding of Credits**

**CDCR 128-B**

| Inmate Name | CDCR Number | Housing | Date |
|---|---|---|---|
| Nailing, Xavier | BD7608 | D 410-1-002002U | 1/29/18 |

It has been determined that the following credits were awarded in error and are therefore being rescinded:

| MILESTONE COMPLETION CREDITS (MCC) | | |
|---|---|---|
| Date of Completion | Course Code | # of days/Class Value |
| 9/22/17 | M010B07-Math-CASAS Benchmark 7 | 4 |
| | | |
| | | |
| | | |

| REHABILITATIVE ACHIEVEMENT CREDIT (RAC) | |
|---|---|
| Date of Completion | Achievement Credit # (1-4) |
| | |
| | |
| | |

| EDUCATIONAL MERIT CREDIT (EMC) | |
|---|---|
| Entry Date | Achievement Type |
| | |
| | |
| | |

The above noted Credit(s) are being rescinded for the following reason and may result in a change to your Release Date:
Rescinding M010B07-Math-CASAS Benchmark 7 due to Inmate Nailing (BD7608) stating to the Institutional Staff Recommendation Summary (ISRS) on 10/27/17 that he was a High School Graduate.

Approved By:

_Prt Mead, Test Coordinator_   1/29/18   _A SP_

Name and Title    Date    Institution

____ Copy to Inmate
____ Copy to Records

For CCRA Use:
____ Credit transaction voided in SOMS
____ Barcode/Indexing completed for scanning to ERMS

11/2017

# EXHIBIT

# 5

*ATTN: PAT MOUD TEST Coordinator*

STATE OF CALIFORNIA
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

### SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| Nailing | Xain | BD7608 | Xain Nait |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM_____ TO_____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.) |
|---|---|---|---|
| 410-2-2 UP | N/A ABE #2 | | |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW: ON 06/11/2018 I discovered That it WAS you who Approved of the rescinding Of 28 days of credit milestone you stated the reason WAS that I stated I WAS a high school graduate when it WAS infact the comments of Janice Actis on 10-27-2017 at that time My Assigned CCI, My Current CCI- T.X. Burns on 5/24/2018 verified That Im Not a graduate. please recredit 28 days

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **\*\*NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED \*\***

☒ SENT THROUGH MAIL: ADDRESSED TO: PAT MOUD Test Coordinator          DATE MAILED: 06/11/2018

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| HARRO, J | 06/11/18 | Ho | (CIRCLE ONE)   YES   (NO) |

| IF FORWARDED – TO WHOM: | | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|---|
| | | 06/11/18 | (CIRCLE ONE)   IN PERSON   BY US MAIL |

### SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| P. Moua | 6/15/18 | P. Moua | 6/15/18 |

On 5/30/18, Request for Transcripts were sent to FairFax HS in Los Angeles. Since it was noted in SOMS by Janice Actis on 10/27/17 then we have to wait for confirmation.
CCI Burns cannot verify without proof from the H.S.

### SECTION C: REQUEST FOR SUPERVISOR REVIEW

*You ~~were~~ rescinded the credits reapply them. Please Call CCI Burns So to verify this infor*

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL AND KEEP FINAL CANARY COPY. *I Am now under 60 days response time 25 days. Now*

THE CDCR 128-B Stats The Credits are rescined because "Due to Inmate Nailing (BD7608) stating to the Institutional staff Recommendation Summary (iSRS) on 10/27/2017 That he/I was a high school Graduate, I Never Made that statement AND you have violated My Due process Rights I was Never Told that my release day has Changed. A violation of State & Federal Law

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| Xain Nait | 06/20/2018 |

### SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| P. Moua | 7/9/18 | P. Moua | 7/9/18 |

We are still waiting for your trancripts that were sent out on 5/30/18 to Fairfax H.S., until then please wait. If your transcripts are correct in stating you DID NOT GRADUATE then your milestone will be re-issued.

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

# EXHIBIT
# 6

**Name and CDC Number**    NAILING X                      BD7608              H4    CDC-128-B(Rev.4/74)

This inmate has been tested with the TEST OF ADULT BASIC EDUCATION (TABE) on this date and his grade level score is as follows:

### Test of Adult Basic Education--Complete Battery

C-File

Ed-File

Inmate Copy

Writer

**READING:**      5.3

Score is Norm Referenced

**TEST LEVEL:**   D10

| Non Test Score Codes | |
|---|---|
| Non English Speaking: | ESL |
| Basic Non Reader | BNR |
| Medically Non Testable | MNT |

*E. Stansel*

E. Stansel, T.A.B.E. Examiner

Education Department

Wasco State Prison-RC

**Date:**    9/1/2017          **T.A.B.E. TEST RESULTS**                    **GENERAL CHRONO**



Xavier Nailing
5922 Willoughby #1
LA    CA    90038

CERTIFIED MAIL

7018 3090 0000 8103 2978

U.S POSTAGE PAID
LG ENV
ANGELES, CA
90028
MAY 04, 20
AMOUNT
$9.80

RECEIVED
CLERK U.S. DISTRICT COURT
MAY - 8 2020

CV

Executive Clerk of The
U.S Central District Court
255 Temple Street
Los Angeles, CA 90012